Inge, Garry V., J.
Introduction
On March 21, 2012, this matter came before the Court for hearing on defendants’ Partial Motion to Dismiss Count One of the Complaint pursuant to *558 Mass.R.Civ.P. 12(b)6, and for Lack of Personal Jurisdiction pursuant to Mass.R.Civ.P. 12(b)(2). For the following reasons the Motion to Dismiss Count I of the Complaint will be ALLOWED.
Background
The following facts from the Verified Complaint are taken as true. On or about May 26, 2006, the plaintiff, Daniel P. Farrell, entered into an agreement with the defendant Company to be the latter’s CEO. Per the agreement the defendant Company was to pay the plaintiff $60,000 annual salary bi-weekly for nine months if he were terminated “without cause.” On September 9, 2009, the Company’s board of directors removed plaintiff from his position as CEO. On September 25, 2009, the plaintiff was terminated by the defendant Company “without cause” and he received his final paycheck that same day. Following his termination, the plaintiffs demand for severance pay was refused. The main issue before the court is whether severance pay is covered under the Massachusetts Wage Act, G.L.c. 149, §148.
Discussion
Pursuant to the standard of review adopted in 2008 by the Supreme Judicial Court for motions to dismiss, “a plaintiffs obligation to provide the ‘grounds’ of his entitle [ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). At the pleading stage, the plaintiff is required to present “factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief, in order to reflect the threshold requirement . . . that the plain statement possess enough heft to sh[ow] that the pleader is entitled to relief.” Id. at 637, quoting Bell Atl. Corp., 550 U.S. at 557 (internal quotations omitted).
The plaintiff asserts that he has demonstrated a right to relief under the Wage Act, G.L.c. 149, 150, and cites in support Juergens v. Microgroup, Inc., 2011 Mass.Super. LEXIS 22, 2011 WL 1020856, *2 (Mass.Super., Jan. 28, 2011) [28 Conn. L. Rptr. 133]. Currently, however, the single Massachusetts Appellate decision on the issue of severance pay coverage under the Wage Act is in disagreement. “Although the [Wage Act] statute expressly refers to holiday pay, vacation pay, and definitely determined commissions, it does not refer to ’’severance pay" or similar terms." Prozinski v. Northeast Real Estate Services, LLC, 59 Mass.App.Ct. 599, 603 (2003). Observing that the statute has been construed “narrowly” the court held that “[a] plain reading of the statute reveals that the quoted statutory terms refer solely to commissions.” Id.
ORDER
Based on the foregoing, the defendants’ Partial Motion to Dismiss Count I of the plaintiffs Complaint is ALLOWED as to all defendants.[2]

In that the court’s jurisdiction over the three individual defendants was premised on their having violated the Wage Act, the issue of jurisdiction is made moot by this ruling. •